IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-cv-103-BO

| | |
|---|---|
| ANNA HARDEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )                    O R D E R |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security* | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's motion for judgement on the pleadings [DE 19] and defendant's motion for judgement on the pleadings [DE 21]. A hearing was held on the motions before the undersigned on September 16, 2021, in Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is REVERSED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income under Title XVI of the Social Security Act. Plaintiff filed her application on June 26, 2017, alleging a period of disability beginning October 1, 2007. Plaintiff subsequently amended her onset date to June 26, 2017. After initial denials, an administrative law judge (ALJ) held a hearing on April 15, 2019 and found that the plaintiff was not disabled. The ALJ' decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

2

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the June 26, 2017 onset date. At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis; degenerative disc disease, cervical and lumbar; radiculopathy; edema; bilateral carpal tunnel syndrome; polyneuropathy; chronic pain syndrome; fibromyalgia; obesity; depressive disorder; and anxiety. At step three, the ALJ found that these impairments did not meet or medically equal a Listing. At step four, the ALJ found that plaintiff could perform unskilled light work with several limitations including the provision that she performs only simple, routine, and repetitive tasks not at a production rate pace, make only simple work-related decisions, and she must stand/walk about four hours in an eight-hour day. The ALJ found that plaintiff could not perform her past relevant work history as a library assistant, which is categorized as light work, because she is currently limited to unskilled work. At step five, the ALJ found that there are significant numbers of jobs in the national economy that plaintiff could perform, including marker, photocopy machine operator, and router.

Upon review of the record and decision, the Court concludes that the ALJ's findings are not supported by the record and that the ALJ erred in finding that plaintiff could perform reduced

3

work at the light exertional level. Here, plaintiff has documented medical conditions with a history of symptoms that have limited her functional ability to perform most light work on a sustained basis. In addition to several severe physical limitations, the ALJ found that the evidence indicated moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating persisting, or maintaining pace; and adapting or managing oneself. The first ALJ to evaluate plaintiff's claim found that plaintiff could do light work so long as she could change position every fifteen minutes. The second ALJ, without explanation, did not find that plaintiff had an additional limitation of needing to change positions every fifteen minutes. At a hearing with the second ALJ, the impartial vocational expert testified that plaintiff could likely perform unskilled light work jobs such as marker, photocopy machine operator, and router. However, the expert also testified that if plaintiff had to change positions every fifteen minutes, she could not perform those light work jobs.

It is uncontested that claimants' abilities generally do not improve with age. *See, e.g., Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999) ("The mere passage of time often has a deleterious effect on a claimant's physical or mental condition."). Plaintiff was fifty years old at the time her application was filed. Plaintiff is now fifty-five. Under the Medical-Vocational Guidelines, individuals aged fifty to fifty-four are found to be disabled when they are restricted to sedentary work under certain circumstances. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Plaintiff meets the disability requirements of Vocational Rule 201.06 or 202.06 if she is fifty-five years old or older, has an RFC limited to sedentary or light exertional level as a result of a severe medically-determinable impairment, is a high school graduate, and has previous work experience as a skilled or semi-skilled worker from which skills are not transferrable Plaintiff has a high school education and is not able to transfer her past skills as a library assistant.

The ALJ provided no logical bridge for concluding that plaintiff could perform the exertional and non-exertional demands of light work. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quotation and citation omitted). The record evidence considered by the ALJ, including plaintiff's testimony and the objective medical record, would appropriately support a finding that plaintiff could perform the demands of sedentary work. Based on the plaintiff's age, education, and previous work experience, a determination that plaintiff could perform sedentary work would result in a finding of disabled under the Medical-Vocational Guidelines. 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court finds that reversal is appropriate, as the combination of plaintiff's age and limitations meets the definition of disabled under the Medical-Vocational Guidelines. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Reopening this case for another hearing would serve no purpose, and the ALJ's decision must be reversed.

5

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgement on the pleadings [DE 19] is GRANTED. Defendant's motion for judgement on the pleadings [DE 21] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this **26** day of September, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE